UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIA UVINO,

                    Plaintiff,
                                                                    9:24-CV-1460
          v.                                                        (GTS/PJE)

DEPUTY WYANT,

                    Defendant.
_____

APPEARANCES:

MARIA UVINO
Plaintiff, pro se
366 Caniff Rd
Freehold, NY 12431

MURPHY BURNS LLP                          STEPHEN M. GROUDINE, ESQ.
Attorney for Defendants
407 Albany Shaker Road
Loundonville, NY 12211


GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Pro se plaintiff Maria Uvino commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application").  By Decision and Order entered on February 4, 2025, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain of plaintiff's claims and found that her Fourth Amendment

1

excessive force claim against defendant Wyant survived sua sponte review and required a response.  Dkt. No. 9 ("February 2025 Order").

Following the completion of service, counsel for defendant Wyant filed an answer to the complaint and a Mandatory Pretrial Discovery and Scheduling Order was issued.  Dkt. No. 15 ("Answer"); Dkt. No. 16 ("Scheduling Order").  Thereafter, plaintiff filed a motion to amend the complaint, together with a proposed amended complaint.  Dkt. No. 18 ("First Motion to Amend"); Dkt. No. 18-1 ("Prop. Am. Compl.").  Defendant Wyant did not oppose the First Motion to Amend.  Dkt. No. 19.

By Decision and Order entered on July 18, 2025, the First Motion to Amend was granted in part and denied in part, and plaintiff's Fourth Amendment excessive force claim against defendant Wyant once again remained in this action.  Dkt. No. 20 ("July 2025 Order").  On July 24, 2025, counsel answered the amended complaint on behalf of defendant Wyant.  Dkt. No. 22.  Roughly three weeks later, plaintiff filed a second motion to amend the operative pleading, together with a proposed second amended complaint.  Dkt. No. 23 ("Second Motion to Amend"); Dkt. No. 23-1 ("Prop. SAC").

By Decision and Order entered on October 1, 2025, the Court granted the Second Motion to Amend in part and denied it in part, ordered that the proposed second amended complaint be accepted as the operative pleading, and found that the following claims required a response: (1) plaintiff's Fourth Amendment excessive force claim against defendant Wyant; (2) plaintiff's Fourteenth Amendment medical indifference claims against defendants Greene County Officials John Doe #1 and John Doe #2; and (3) plaintiff's Fourteenth Amendment due process claim against defendant Deyo.  Dkt. No. 30 ("October 2025 Order").[1]

---

[1] In accordance with the October 2025 Order, the proposed second amended complaint was docketed as the second amended complaint.  *See* Dkt. No. 31 ("SAC").

Following the issuance of the October 2025 Order, counsel for defendant Wyant filed a status report regarding the Greene County "Doe" defendants remaining in this action, and plaintiff filed a motion for partial reconsideration of the October 2025 Order or, alternatively, leave to amend, and a letter request to correct the last name of a dismissed defendant. *See* Dkt. No. 33 ("Status Report"); Dkt. No. 34 ("Motion for Reconsideration"); Dkt. No. 41 ("Letter Request"). By Decision and Order entered on November 18, 2025, the Court denied plaintiff's Motion for Reconsideration, granted his alternative request for leave to file a third amended complaint in part, and afforded plaintiff thirty days to file a third amended complaint in accordance with the Court's Decision and Order. *See* Dkt. No. 43 ("November 2025 Order").

Presently before the Court are the following: (1) plaintiff's third amended complaint, Dkt. No. 55 ("TAC"); and (2) plaintiff's letter request for the issuance of summonses, Dkt. No. 56 ("Letter Request Regarding Summonses").

## II.    SUFFICIENCY OF THE THIRD AMENDED COMPLAINT

### A.    Relevant Legal Standard

Because plaintiff is proceeding in forma pauperis and is suing one or more government employees, her third amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February 2025 Order and it will not be restated in this Decision and Order. *See* February 2025 Order at 2-4.

### B.    October 2025 Order

The proposed second amended complaint was construed to assert the following

3

Section 1983 claims: (1) a Fourth Amendment excessive force claim against defendant Wyant; (2) Fourteenth Amendment failure-to-intervene and medical indifference claims against defendant Drum arising out of the events associated with plaintiff's arrest; (3) Fourteenth Amendment medical indifference claims against defendants Greene County Medical Professionals John Doe #1-3 and Ulster County Medical Professionals John and Jane Doe #4-6; and (4) a Fourteenth Amendment due process claim against defendant Deyo. *See* October 2025 Order at 7-9.

Upon review, the Court granted the Second Motion to Amend to allow plaintiff to proceed with the following claims: (1) plaintiff's Fourth Amendment excessive force claim against defendant Wyant; (2) plaintiff's Fourteenth Amendment medical indifference claims against defendants John Doe #1 and John Doe #2; and (3) plaintiff's Fourteenth Amendment due process claim against defendant Deyo.  *See* October 2025 Order at 7-9.  The Second Motion to Amend was denied with respect to all other claims raised in the proposed pleading. *Id*. at 9-18.

### C.    November 2025 Order

As noted, the November 2025 Order denied plaintiff's request for partial reconsideration of the October 2025 Order but granted her alternative request for leave to file an amended complaint in part.  More specifically, the Court granted plaintiff leave to file a third amended complaint "that addresses each of the deficiencies identified [in the November 2025 Order . . . and . . . October 2025 Order] with respect to the Greene County and Ulster County defendants (and repeats the allegations of wrongdoing that form the basis of her surviving claims against defendants Wyant, Deyo, and John Doe #1)."  *See* November 2025 Order at 11.  Plaintiff was also specifically cautioned that "[i]nsofar as [she] believes that she

4

was deprived of constitutionally adequate medical or mental health treatment by officials after returning from hospital visits, any new pleading must provide specific details regarding how and when specific officials named as defendants were aware of plaintiff's need for medical or mental health treatment that she did not receive." *Id*.

### D.    Overview of the Third Amended Complaint

The allegations in the third amended complaint are materially similar to the allegations in the second amended complaint, except that the third amended complaint names certain officials as defendants in place of certain previously named "Doe" defendants, and includes more details regarding the alleged wrongdoing by the named defendants.  The following facts are set forth as alleged in the third amended complaint.

On December 27, 2021, plaintiff informed defendant Deputy Wyant that she was pregnant, and she did not attempt to flee his presence or resist arrest.  TAC at 6. Nonetheless, defendant Wyant "forced plaintiff stomach-down onto the ground" and handcuffed her hands behind her back.  *Id*.

After "abdominal force" was applied, plaintiff "complain[ed] of abdominal pain."  TAC at 10.  Defendant Greene County Emergency Medical Technician ("EMT") Younge "heard plaintiff state she was pregnant and in pain" but did not perform an "abdominal trauma assessment" or "fetal assessment[.]"  *Id*. at 6.  Defendant Wyant also "did not request emergency medical evaluation before [plaintiff's] transport to [Greene County Jail]."  *Id*. at 10.

Upon arriving at Greene County Jail, plaintiff was "processed" at "intake[.]"  TAC at 6. Plaintiff "disclosed [her] pregnancy during intake screening" and "reported [her] abdominal trauma" to defendant John/Jane Doe Intake Official but plaintiff did not receive a medical evaluation.  *Id*. at 5, 7, 15.  Instead, plaintiff was transferred to Ulster County Jail.  *Id*. at 7.

Upon arriving at Ulster County Jail, defendant John/Jane Doe Intake Official "documented [plaintiff's] pregnancy and abdominal trauma."  TAC at 5, 7.

On December 31, 2021, plaintiff "was transported to Kingston Hospital."  TAC at 7. Plaintiff received an "[u]ltrasound[, which] confirmed [the] absence of [a] fetal heartbeat."  *Id*. One or more hospital officials "instructed [plaintiff to] return within approximately two days for follow-up intervention."  *Id*.  Plaintiff was then "returned to Ulster County Jail."  *Id*.

Defendants Nurse Practitioner Juliet West and Nurse Kathy Anderson were "aware of [the] hospital discharge instructions."  TAC at 7.  Defendant Dr. Khouri "was aware of [the] nonviable pregnancy diagnosis."  *Id*.  Each of these three officials also "had [the] authority to initiate [an] outside referral."  *Id*.

Plaintiff was not scheduled for follow-up care, and "[n]o hospital transport was ordered."  TAC at 7.  Plaintiff "experienced continued bleeding" and "severe abdominal pain." *Id*.  Plaintiff "repeatedly requested medical care" but her requests "were ignored or not acted upon."  *Id*.  Plaintiff ultimately "miscarried alone in her jail cell."  *Id*.

Plaintiff did not receive an "immediate obstetrical evaluation . . . after [her] miscarriage."  TAC at 7.

Defendants Dr. Mitchell, a Psychiatrist, and Licensed Master Social Worker Serravallo "documented [plaintiff's] depressive symptoms."  TAC at 7.  Plaintiff did not receive "crisis intervention" or "trauma-focused psychiatric treatment[.]"  *Id*.  Plaintiff's "miscarriage caused severe psychological trauma."  *Id*. at 8.

Defendant Probation Officer Deyo "failed to ensure required procedural filings [related to plaintiff's probation] were completed."  TAC at 16.  As a result, plaintiff "was denied credit for time served" and "suffered [an] unlawful extension of supervision[.]"  *Id*. at 16-17.

6

Liberally construed, the third amended complaint asserts the following Section 1983 claims as allowed by the November 2025 Order: (1) a Fourth Amendment excessive force claim against defendant Wyant; (2) Fourteenth Amendment medical indifference claims against defendants Wyant, Younge, Greene County Jail John/Jane Doe Intake Official, Ulster County Jail John/Jane Doe Intake Official, West, Anderson, Khouri, Mitchell, Serravallo, Greene County, and Ulster County; and (3) a Fourteenth Amendment due process claim against defendant Deyo.

The third amended complaint seeks money damages.  *See* TAC at 17.  For a more complete statement of plaintiff's claims, reference is made to the third amended complaint.

**E.      Analysis**

**1. Excessive Force Claim**

The legal standard governing Fourth Amendment excessive force claims was discussed at length in the February 2025 Order and will not be restated herein.  *See* February 2025 Order at 9-10.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's excessive force claim against defendant Wyant once again survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

**2. Medical Indifference Claims**

The legal standard governing Fourteenth Amendment medical indifference claims was discussed at length in the October 2025 Order and will not be restated herein.  *See* October

7

2025 Order at 10-14.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's medical indifference claims against defendants Wyant, Younge, Greene County Jail John/Jane Doe Intake Official, Ulster County Jail John/Jane Doe Intake Official, West, Anderson, Khouri, Mitchell, and Serravallo survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

The Court, however, reaches a different conclusion insofar as the third amended complaint asserts medical indifference claims against Greene County and Ulster County.

Municipal liability is limited under Section 1983 by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  In *Monell*, the Supreme Court found that municipal liability existed "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."  *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).  Thus, to successfully state a claim for *Monell* liability, a plaintiff must "make factual allegations that support a plausible inference that the [alleged] constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality."  *Missel v. Cnty. of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009) (citing *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir. 2008)).  "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee."  *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 36 (2010) ("[I]n *Monell* the

8

Court held that 'a municipality cannot be held liable' solely for the acts of others, e.g., 'solely because it employs a tortfeasor.'" (quoting *Monell*, 436 U.S. at 691)).

In this case, plaintiff generically alleges that the medical deprivations she experienced resulted from inadequate training and "the absence of adequate procedures, training and supervision[.]"  TAC at 15.

As an initial matter, the pleading does not allege any facts which plausibly suggest that any Greene or Ulster County policymaking official directly participated in any deprivation of plaintiff's medical needs.  Nor does the pleading allege any facts which plausibly suggest that Greene or Ulster County had a policy or practice designed to restrict a pregnant detainee's access to medical treatment.  Moreover, the Court has no basis to infer any such policy or practice, particularly because, by plaintiff's own allegations, she was transported to an outside hospital for evaluation shortly after her arrival at Ulster County Jail (and presumably was evaluated by a medical professional beforehand in order for this transport to have been scheduled).  *See*, *e.g.*, *Overstreet v. Virts*, No. 14-CV-6582, 2019 WL 1331567, at *12 (W.D.N.Y. Mar. 25, 2019) ("It is well-settled that the mere fact that a municipal policy permits employees to exercise discretion in the performance of their duties does not give rise to municipal liability." (citing, *inter alia*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986) ("The fact that a particular official ... has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion[.]"))); *Fleming v. City of New York*, No. 18-CV-4866, 2019 WL 4392522, at *8 (S.D.N.Y. Aug. 27, 2019) ("Plaintiff's conclusory allegations are ... insufficient to allege that the *Monell* Defendants have a longstanding custom, pattern, or practice of ... being deliberately indifferent to inmates' medical needs or physical safety.").

Furthermore, the third amended complaint does not allege any facts which plausibly suggest that either Greene County or Ulster County has a history of depriving pregnant detainees of access to timely or adequate medical treatment such that an implied custom or policy may be inferred from the alleged wrongdoing by non-policymaking officials. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."); *Davis v. Cnty. of Erie*, No. 22-CV-0554, 2022 WL 18215866, at *7 (W.D.N.Y. Dec. 1, 2022) ("Although a *Monell* claim can be based on an unofficial policy, practice, or custom, such as the claim Plaintiff seeks to allege against the County for failure to train or supervise, . . . such claim requires an alleged pattern of neglect involving similar misconduct which allegations are absent in the Proposed Amended Complaint."), *report and recommendation adopted by* 2023 WL 145581 (W.D.N.Y. Jan. 10, 2023).

Simply put, the third amended complaint asserts municipal liability claims based solely on conclusory allegations of a custom or policy, which is insufficient to state a claim upon which relief may be granted. *See Vassallo v. City of New York*, No. 15-CV-7125, 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016) ("Here, Plaintiff's allegations consist essentially of a recitation of the inadequate medical treatment received and generic claims that such inadequacies were a product of harmful customs and practices or failures to train or supervise. . . . Such boilerplate allegations are insufficient to state a *Monell* claim."); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535-37 (S.D.N.Y. 2012) (holding that "mere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details").

Finally, insofar as the third amended complaint may allege that one or more Greene or Ulster County employees violated plaintiff's constitutional rights, those allegations fail to state a claim against Greene or Ulster County because a municipality may not be liable on the basis of respondeat superior. *See Monell*, 436 U.S. at 691.

In light of the foregoing, plaintiff's Section 1983 claims against Greene and Ulster County are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### 3. Due Process Claim

The legal standard governing Fourteenth Amendment due process claims was discussed at length in the October 2025 Order and will not be restated herein. *See* October 2025 Order at 14-16.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's due process force claim against defendant Deyo once again survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

## III.   LETTER REQUEST REGARDING SUMMONSES

After plaintiff filed her third amended complaint, she filed a letter asking the Court to issue summonses for service on each of the individuals named as defendants in that pleading. *See* Dkt. No. 56. Pursuant to this Decision and Order, the Court will direct service on the defendants who remain in this action. Accordingly, plaintiff's Letter Request Regarding Summonses is denied as unnecessary.

## IV.    FURTHER FILINGS

This case was filed more than a year ago.  Since the time of filing, the Court has invested considerable resources on the matter, having reviewed and issued orders regarding plaintiff's complaint, First Motion to Amend, Second Motion to Amend, Motion for Reconsideration, and now plaintiff's third amended complaint.  Moreover, as a result of plaintiff's repeated pleading deficiencies, this case is still only at the early stages of discovery with respect to two defendants.

In light of the Court's rulings herein, there are now nine defendants that remain in this action.  Moreover, the vast majority of the claims asserted in the third amended complaint have survived sua sponte review.  The Court will not allow plaintiff to continue wasting precious judicial resources by modifying or expanding the scope of this action.  *See, e.g., McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (summary order) (finding no abuse of discretion where district court "refus[ed] to allow an amended complaint with fifty additional pages of allegations encompassing unrelated events occurring months and years later than those originally pleaded"); *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *Adams v. N.Y. State Educ. Dep't*, No. 08-CV-5996, 2010 WL 4970011, at *9 (S.D.N.Y. Dec. 8, 2010) (collecting cases and noting that "[p]resenting again a pleading, written motion or other paper that was adjudicated deficient, without substantially addressing legal deficiencies previously adjudicated, violates the duty to

conduct a reasonable inquiry into law" (internal quotation marks omitted)), *report and recommendation adopted as modified* 855 F. Supp. 2d 205 (S.D.N.Y. 2012), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (summary order); *Amusement Indus. v. Stern*, No. 07-CV-11586, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 10, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case."); *Mitchell v. Cuomo*, No. 17-CV-0892 (TJM/DJS), 2019 WL 1397195, at *3 (N.D.N.Y. Mar. 28, 2019) (adopting Magistrate Judge's recommendation to deny motion to supplement where "[t]he proposed First Amendment claims are neither related to nor pertain to the allegations in the operative pleading, thus providing a basis to deny amendment under Rule 15(d)").

Accordingly, plaintiff is advised that the Court will not (1) consider any further submissions from her until after the completion of service on the remaining defendants, or (2) accept any further pleading submissions from her other than a fourth amended complaint that differs from the third amended complaint only insofar as it identifies the remaining "Doe" officials in this case.  The Court will not permit plaintiff to file another proposed amended pleading that adds additional claims or defendants to this action, and any submission of such a pleading will be stricken from the record.  Furthermore, plaintiff is cautioned that the continued filing of meritless motions and requests that impose an unnecessary burden on this Court may result in the imposition of sanctions, including a fine and/or the revocation of her in forma pauperis status.

## V.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the third amended complaint (Dkt. No. 55) is accepted for filing as the operative pleading; and it is further

**ORDERED** that the Clerk add the following officials to the docket as defendants: (1) EMT Younge; (2) Greene County Intake Official John/Jane Doe; (3) Greene County Intake Official John/Jane Doe; (4) Nurse Practitioner Juliet West; (5) Nurse Kathy Anderson; (6) Dr. Khouri; (7) Dr. Mitchell; and (8) Licensed Master Social Worker Serravallo; and it is further

**ORDERED** that the following Section 1983 claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's Fourth Amendment excessive force claim against defendant Wyant; (2) plaintiff's Fourteenth Amendment medical indifference claims against defendants Wyant, Younge, Greene County Jail John/Jane Doe Intake Official, Ulster County Jail John/Jane Doe Intake Official, West, Anderson, Khouri, Mitchell, and Serravallo; and (3) plaintiff's Fourteenth Amendment due process claim against defendant Deyo; and it is further

**ORDERED** that plaintiff's remaining Section 1983 claims are **DISMISSED without prejudice and without leave to renew** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that upon receipt from plaintiff of six copies of her third amended complaint, the Clerk shall issue summonses and forward them, along with the copies of the third amended complaint, to the United States Marshal for service upon defendants Younge, West, Anderson, Khouri, Mitchell, and Serravallo; and it is further

**ORDERED** that upon the completion of service, a response to the third amended complaint be filed by the remaining defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

14

**ORDERED** that plaintiff's Letter Request Regarding Summonses is **DENIED** as unnecessary; and it is further

**ORDERED** that all discovery in this case is **STAYED** pending the completion of service and a response to the third amended complaint; and it is further

**ORDERED** that the Court will not consider any further submissions from plaintiff until after the completion of service on the remaining defendants, or accept any further pleading submissions from her other than a fourth amended complaint that differs from the third amended complaint only insofar as it identifies the remaining "Doe" officials in this case. Plaintiff is further advised that her failure to timely and properly name the remaining "Doe" defendants will result in the dismissal of the claims against these officials pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated:  April 7, 2026
　　　　Syracuse, NY

Glenn T. Suddaby
U.S. District Judge